UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEAN ADAM ROGERS, #447843,

        Plaintiff,                                  Hon. Janet T. Neff

v.                                                  Case No. 1:20-cv-652

R. SHARP, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion for Summary Judgment. (ECF No. 23). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be granted, Plaintiff's claims against Defendant Sharp be dismissed without prejudice, and this matter terminated.

## BACKGROUND

Plaintiff is presently incarcerated at the Kinross Correctional Facility (KCF). The incidents giving rise to this matter occurred while Plaintiff was incarcerated at the Oaks Correctional Facility (ECF). Plaintiff initiated this action against six Michigan Department of Corrections officials: (1) Deputy Warden R. Sharp; (2) Resident Unit Manager (RUM) J. Thomas; (3) Resident Unit Manager (RUM) K. Smiley; (4) Prison Counselor K. Johnson; (5) Corrections Officer (CO) Unknown Chesny; and (6) Prison Counselor L. Weaver. In his amended complaint Plaintiff alleges the following.

-1-

On July 6, 2017, Plaintiff, who was then in administrative segregation, asked Defendants Thomas and Sharp to release him from segregation and place him at Security Level II. Defendants denied Plaintiff's request and informed Plaintiff that he was "lucky" they were even releasing him from segregation. On July 13, 2017, Plaintiff was released from segregation and assigned to Security Level IV. Defendants Thomas, Smiley, and Johnson assigned Plaintiff to Security Level IV "to pay Plaintiff back" for filing grievances.

Later that day, Defendant Chesny asked Plaintiff if he had been writing grievances against prison personnel. Plaintiff responded in the affirmative and added, "I don't want any trouble." Chesny responded, "if I want to give you trouble, I will give you trouble and much more." Plaintiff informed Chesny that he was going to file a grievance against Chesny for "helping those staff members to harass me." Defendant Chesny later falsely charged Plaintiff with a misconduct violation.

On July 24, 2017, Plaintiff asked Defendant Weaver to let him exchange his current mattress for a new mattress. Weaver denied Plaintiff's request. When Plaintiff requested a grievance form to complain about this matter, Weaver ordered Plaintiff to return to his cell and rescinded the remainder of his yard time for the day.

Plaintiff has asserted five causes of action: (1) Defendants Sharp, Thomas, Smiley, and Johnson assigned Plaintiff to Security Level IV, following his release from segregation, in retaliation for filing grievances against them; (2) Defendant Chesny falsely charged him with a misconduct violation in retaliation for filing grievances

-2-

against prison staff; (3) Defendant Weaver denied his request for a new mattress in retaliation for filing grievances against staff members; (4) Defendant Weaver cancelled Plaintiff's yard time in retaliation for filing grievances against staff members; and (5) Defendant Weaver violated his Eighth Amendment rights by refusing his request for a new mattress.

Defendants Thomas, Smiley, Johnson, Chesny, and Weaver now move for summary judgment. Plaintiff has responded to the present motion. Service of Plaintiff's complaint has not yet been accomplished on Defendant Sharp.

## **SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Whether a fact is "material" depends on "whether its resolution might affect the outcome of the case." *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006). The existence of a mere "scintilla of evidence" in support of the non-

moving party's position, however, is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006). Likewise, the non-moving party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735. Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Harden*, 993 F.3d at 474.

## ANALYSIS

**I.     Retaliation**

As noted above, Plaintiff asserts multiple retaliation claims based on three separate incidents. To prevail on his retaliation claims, Plaintiff must satisfy three elements: (1) he was engaged in constitutionally protected conduct; (2) a defendant took adverse action against him which would deter a person of ordinary firmness from continuing to engage in protected conduct; and (3) the adverse action was motivated by Plaintiff's protected conduct. *See Holzemer v. City of Memphis*, 621 F.3d 512, 520 (6th Cir. 2010).

   A.     Defendants Thomas, Smiley, and Johnson

Plaintiff alleges that Defendants assigned him to Security Level IV following his release from segregation in retaliation for filing grievances. The evidence submitted by Defendants, however, reveals a very different situation.

On September 10, 2016, a large group of prisoners at the Kinross Correctional Facility (KCF) participated in a "major demonstration and/or disturbance" that "resulted in a major disruption of the facility operations and activity." (ECF No. 24, PageID.192-95). Plaintiff participated in this event and was subsequently convicted of rioting.[1] (*Id.*). Rioting is considered one of "the most serious misconducts in the MDOC." (*Id.*, PageID.181, 185).

---

[1] Prior to this incident, Plaintiff already had a lengthy history of misconducts, including convictions for creating a disturbance, assault on prisoners, fighting, possession of dangerous contraband, insolence, and disobeying direct orders. (*Id.*, PageID.197-98).

Prior to this riot, Plaintiff was designated as Security Level II. (*Id.*, PageID.200). Immediately following the riot, however, Plaintiff was reassigned to Security Level V and transferred to the Charles Egeler Reception and Guidance Center (RGC). (*Id.*, PageID.201, 211). On September 26, 2016, prison officials again concluded that Plaintiff should be assigned to Security Level V due to his involvement in the recent prison riot. (*Id.*, PageID.202). Plaintiff was actually placed at Security Level IV, however, due to a "lack of bed space" at Security Level V. (*Id.*).

On October 5, 2016, Plaintiff was transferred to the Oaks Correctional Facility (ECF) and placed in administrative segregation at Security Level IV. (*Id.*, PageID.213). Plaintiff was released from administrative segregation on July 12, 2017. (*Id.*, PageID.231). Plaintiff was returned to general population at Security Level IV "in order to be monitored before being considered for a move to Level II." (*Id.*, PageID.181-82, 185, 189).

On August 29, 2017, Plaintiff participated in a Security Classification Review. (*Id.*, PageID.203). Assistant Deputy Warden (ADW) Eric Smith determined to keep Plaintiff at Security Level IV so that prison officials could further "monitor [Plaintiff's] adjustment." (*Id.*). ADW Smith reiterated this determination following an October 5, 2017, Security Classification Review. (*Id.*, PageID.204). Following a November 6,

2017, Security Classification Review, Plaintiff was reassigned to Security Level II.[2] (*Id.*, PageID.205).

While Plaintiff can establish the first two elements of his claims, they ultimately fail because he cannot demonstrate the requisite causal connection. With respect to causation, courts recognize that retaliation is easy to allege and "is often very difficult to prove with direct evidence." *King v. Zamiara*, 680 F.3d 686, 695 (6th Cir. 2012). Nonetheless, "bare allegations of malice" are insufficient to state a constitutional claim, as Plaintiff must instead establish "that his protected conduct was a motivating factor" behind the allegedly retaliatory action taken. *Thaddeus-X*, 175 F.3d at 399 (citations omitted). Conclusory allegations of retaliatory motive are insufficient, however. *See Skinner v. Bolden*, 89 Fed. Appx. 579, 579-80 (6th Cir., Mar. 12, 2004). Instead, Plaintiff must, at a minimum, allege a chronology of events from which retaliation can plausibly be inferred. *See Muhammad v. Close*, 379 F.3d 413, 417-18 (6th Cir. 2004).

On summary judgment, the causation element is analyzed under the burden-shifting framework articulated in *Mount Healthy City School District Board of Education v. Doyle*, 429 U.S. 274 (1977). *See Thomas v. Eby*, 481 F.3d 434, 441-42 (6th Cir. 2007). Plaintiff must first present evidence that his protected conduct was a motivating factor in the defendant's action. Even if Plaintiff makes this showing, Defendant is entitled

---

[2] Only a few short months later, however, Plaintiff was returned to Security Level IV due to multiple misconducts including assault of another prisoner "resulting in serious physical injury" to the victim. (*Id.*, PageID.197, 206, 233-37).

to summary judgment if he demonstrates that she "would have taken the same action even without the protected activity." *Eby*, 481 F.3d at 441-42. Moreover, as the Supreme Court recently held, when alleging retaliation "it is not enough to show that an official acted with a retaliatory motive and that the plaintiff was injured – the motive must *cause* the injury. Specifically, it must be a "but-for" cause, meaning that the adverse action against the plaintiff would not have been taken absent the retaliatory motive." *Nieves v. Bartlett*, 139 S.Ct. 1715, 1722 (2019). Moreover, if Defendant demonstrates that he "would have taken the same action in the absence of the protected activity, he is entitled to prevail on summary judgment." *Maben v. Thelen*, 887 F.3d 252, 267 (6th Cir. 2018).

Plaintiff cannot demonstrate that the decision to keep him at Security Level IV following his July 12, 2017, release from administrative segregation was motivated by any grievances he filed. To the contrary, the evidence described above reveals that the decision to keep Plaintiff at Security Level IV following his release from administrative segregation was based on his participation in the September 10, 2016, prison riot and the legitimate security concerns presented by such given Plaintiff's prior disciplinary history. Plaintiff has presented no evidence suggesting otherwise. Accordingly, the undersigned recommends that Defendants Thomas, Smiley, and Johnson are entitled to summary judgment on Plaintiff's retaliation claims.

B.     Defendant Chesny

According to Plaintiff, on July 13, 2017, Chesny questioned him about grievances he wrote against other staff members. Plaintiff responded by telling Chesny that he would file a grievance against Chesny for "helping those staff members to harass me." Plaintiff alleges that, in retaliation for this statement, Chesny falsely charged him with a misconduct violation. Specifically, Chesny charged him with loitering, a Class III misconduct. (ECF No. 3, PageID.87). Plaintiff alleges that he was found not guilty of this charge. (ECF No. 27, PageID.330). Defendant has presented no evidence to the contrary.

Plaintiff's claim against Chesny fails because he did not suffer adverse action sufficient to maintain a First Amendment retaliation claim. It is well accepted that "some adverse actions are so de minimis that they do not rise to the level of a constitutionally cognizable injury." *Maben v. Thelen*, 887 F.3d 252, 266 (6th Cir. 2018) (citation omitted). A constitutionally sufficient injury is required because "it would certainly trivialize the First Amendment to hold that harassment for exercising one's constitutional rights was always actionable no matter how unlikely to deter a person of ordinary firmness from that exercise." *Siggers-El v. Barlow*, 412 F.3d 693, 701 (6th Cir., 2005). Moreover, where "the alleged adverse action is 'inconsequential' resulting in nothing more than a 'de minimis injury,' the claim is properly dismissed as a matter of law." *Wurzelbacher v. Jones-Kelly*, 675 F.3d 580, 584 (6th Cir. 2012).

Class III misconducts are the least severe in the MDOC, punishable by confinement to quarters for not more than 5 days, loss of privileges for not more than 15 days, and assignment of up to 20 hours of extra duty. *See* Mich. Dep't. of Corr., Policy Directive 03.03.105 Attach. D (eff. Apr. 11, 2014).[3] Being charged with a Class III misconduct is a de minimis sanction insufficient to maintain a retaliation claim. *See Lewis v. Stoddard*, 2017 WL 942156 at *12 (W.D. Mich., Mar. 10, 2017) (collecting cases). Accordingly, the undersigned recommends that Defendant Chesny is entitled to summary judgment on Plaintiff's First Amendment retaliation claim.

C. Defendant Weaver

Plaintiff alleges that Defendant Weaver denied his request for a new mattress in retaliation for filing grievances on other staff members. Plaintiff further alleges that when he requested a grievance form, Weaver ordered him to return to his cell thus depriving him of his remaining yard time that day. Plaintiff alleges this conduct likewise constitutes unlawful retaliation.

Plaintiff's claims against Weaver fail, however, because Plaintiff suffered no constitutionally sufficient adverse action. It is important to note that Plaintiff does not allege that he was deprived of a mattress, but instead alleges merely that Weaver refused his request to swap his current mattress for a *new* mattress. Plaintiff has presented no evidence that the mattress he was provided was unsafe or otherwise compromised his

---

[3] This is the effective date of Attachment D, which articulates the punishments available for Class III misconducts. The effective date of the underlying Policy Directive is April 9, 2012.

health and safety. Thus, Plaintiff cannot establish that Weaver's actions were sufficient to deter a person of ordinary firmness from engaging in constitutionally protected conduct. *See, e.g., Branch v. Bauman*, 2014 WL 413512 at *4 (W.D. Mich., Feb. 4, 2014) (complete deprivation of mattress for brief period does not constitute adverse action); *Nolen v. Luoma*, 2008 WL 878920 at *21 (W.D. Mich., Feb. 11, 2008) (requiring a prisoner to sleep on an uncomfortable mattress substitute does not constitute adverse action). To conclude otherwise would trivialize the First Amendment and the rights it protects. Likewise, the allegation that Plaintiff was denied less than a single day of yard time is a de minimis injury insufficient to implicate the First Amendment. Accordingly, the undersigned recommends that Defendant Weaver is entitled to summary judgment.

## II.     Conditions of Confinement

Finally, Plaintiff alleges that Defendant Weaver, by refusing his request for a new mattress, violated his Eighth Amendment right to be free from cruel and unusual punishment.

The Eighth Amendment's prohibition against cruel and unusual punishment applies not only to punishment imposed by the state, but also to deprivations which occur during imprisonment and are not part of the sentence imposed. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The analysis by which a defendant's conduct is evaluated consists of two-steps.

First, the Court must determine, objectively, whether the alleged deprivation was sufficiently serious. In this respect, Plaintiff "must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. With respect to the objective prong of the analysis, contemporary standards of decency determine whether conditions of confinement are cruel and unusual. *See Hadix*, 367 F.3d at 525. Contemporary standards of decency are violated only by "extreme deprivations" which deprive the prisoner of the "minimal civilized measure of life's necessities." *Ibid.*

If the objective test is met, the Court must then determine whether Defendant acted with a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. In other words, was the individual deliberately indifferent to inmate health or safety. *Ibid.* However, the Eighth Amendment is not implicated where prison officials simply acted with negligence. *See Perez v. Oakland County*, 466 F.3d 416, 423 (6th Cir. 2006) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976)). In sum, to establish that a defendant acted with deliberate indifference, Plaintiff must "present evidence from which a trier of fact could conclude 'that the official was subjectively aware of the risk' and 'disregard[ed] that risk by failing to take reasonable measures to abate it.'" *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004).

Again, it must be noted that Plaintiff does not allege that he was denied a mattress, but rather that his request to swap his mattress for a *new* mattress was denied. Plaintiff has presented no evidence that the mattress he was provided was in any way

unsafe or otherwise constituted an "extreme deprivation." Furthermore, even if the Court assumes that Plaintiff's current mattress was somehow deficient, Plaintiff has presented no evidence that such was communicated to, or otherwise subjectively known by, Defendant Weaver. Plaintiff merely asserts that he requested a new mattress and that his request was denied. Thus, Plaintiff cannot establish either element of his Eighth Amendment claim. The undersigned, therefore, recommends that Defendant Weaver is entitled to summary judgment as to Plaintiff's Eighth Amendment claim.

### III.  Failure to Serve

Plaintiff initiated this action on July 15, 2020, against six individuals, five of whom have been served with a copy of the summons and complaint. Deputy Warden R. Sharp, however, has not yet been served. For the reasons articulated below, the undersigned recommends that Plaintiff's claim against Defendant Sharp be dismissed without prejudice for failure to timely effect service.

Federal Rule of Civil Procedure 4(c) indicates that "[a] summons must be served with a copy of the complaint." The time frame within which service must be effected is articulated in Rule 4(m), which provides that if service of the summons and complaint is not made upon a defendant within 90 days after the filing of the complaint, "the court – on motion or on its own initiative after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *See also, Abel v. Harp*, 122 Fed. Appx. 248, 250 (6th Cir., Feb. 16, 2005) ("[a]bsent

a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure *compel* dismissal") (emphasis added).

On September 9, 2020, this case was stayed so that the parties could participate in mediation. (ECF No. 4). This stay was lifted on April 9, 2021, thus starting the 90-day period within which to effect service. (ECF No. 9). The initial attempts to serve Defendant Sharp at his place of employment were unsuccessful apparently because he no longer worked for the MDOC. (ECF No. 20). Accordingly, the Court ordered the MDOC to provide the Court with Defendant Sharp's last known address so that service could be attempted again. (*Id.*). This information was received, but service was again unsuccessful as it appeared that Defendant Sharp had moved. (ECF No. 22).

While Plaintiff has been afforded pauper status in this matter, he is ultimately responsible for providing the Court with a correct address at which service may be accomplished. *See Davis v. Wallace*, 2019 WL 3294100 at *1 (E.D. Mich., Feb. 6, 2019). Furthermore, despite his status as a pauper, the ultimate responsibility to ensure that service is timely accomplished rests with Plaintiff. *See Jenkins v. Michigan Department of Corrections*, 2015 WL 13742653 at *3 (E.D. Mich., Sept. 23, 2015).

Nearly one year has passed since the Court ordered that Defendant Sharp be served. The time for effecting service on Defendant Sharp has long since passed. Plaintiff has not requested an extension of this deadline or otherwise taken any action regarding the service of Defendant Sharp. Given Plaintiff's lack of diligence, the

undersigned recommends that Plaintiff's claim against Defendant Sharp be dismissed without prejudice for failure to timely effect service.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that: (1) Defendants' Motion for Summary Judgment (ECF No. 23) be granted and Plaintiff's claims against Defendants Thomas, Smiley, Johnson, Chesny, and Weaver be dismissed; (2) Plaintiff's claim against Defendant Sharp be dismissed without prejudice for failure to timely effect service; and (3) this matter terminated.  For the same reasons the undersigned makes these recommendations, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                                Respectfully submitted,

Date: March 29, 2022                                      /s/ Phillip J. Green
                                                                PHILLIP J. GREEN
                                                                 United States Magistrate Judge