UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEAN ADAM ROGERS,

    Plaintiff,

v.

R. SHARP, et al.,

    Defendants.
_____/

Case No. 1:20-cv-652

HON. JANET T. NEFF

## OPINION AND ORDER

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R), recommending that (1) Defendants' Motion for Summary Judgment be granted and Plaintiff's claims against Defendants Thomas, Smiley, Johnson, Chesny, and Weaver be dismissed; (2) Plaintiff's claim against Defendant Sharp be dismissed without prejudice for failure to timely effect service; and (3) this matter be terminated (ECF No. 29). The matter is presently before the Court on Plaintiff's objections to the R & R (ECF No. 30). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the R & R to which objections have been made. For the reasons stated below, the Court adopts in part and rejects in part the R & R.

Plaintiff asserts eight objections to the R & R. His first three objections relate to his claims against Defendants Thomas, Smiley, and Johnson. He argues that the Magistrate Judge erred in determining that Plaintiff failed to show that the decision to keep him at Security Level IV

following his July 12, 2017, release from administrative segregation was motivated by Plaintiff's protected conduct (ECF No. 30 at PageID.353-355).  Plaintiff's objections are without merit.  As the Magistrate Judge correctly determined, the admissible evidence establishes that the decision to keep Plaintiff at Security Level IV was based on his participation in the September 10, 2016, prison riot and, given Plaintiff's prior disciplinary history, the legitimate security concerns presented by that participation (ECF No. 29 at PageID.345).  Plaintiff has not shown otherwise.  Accordingly, Plaintiff's first three objections are denied.

In his fourth objection, Plaintiff argues that the Magistrate Judge erred in determining that the Class III misconduct issued by Defendant Chesny cannot constitute an adverse act (ECF No. 30 at PageID.356).

"An adverse action is one that would 'deter a person of ordinary firmness' from the exercise of the right at stake." *Thaddeus–X v. Blatter*, 175 F.3d 378, 396 (6th Cir. 1999).  "[S]ome adverse actions are so *de minimis* that they do not rise to the level of a constitutionally cognizable injury." *Maben v. Thelen*, 887 F.3d 252, 266 (6th Cir. 2018).  "[T]his threshold is intended to weed out only inconsequential actions and is not a means whereby solely egregious retaliatory acts are allowed to proceed past summary judgment." *Thaddeus–X,* 175 F.3d at 398.  In *Maben*, the Sixth Circuit held that a Class II minor misconduct was more than a *de minimis* retaliatory act and could amount to an adverse action.  887 F.3d at 266.  The Sixth Circuit reasoned that the inmate could have been sanctioned to confinement to quarters for up to five days, loss of privileges for up to thirty days, assignment of extra duty, and restitution or disgorgement.  *Id.*

Class III misconducts are punishable by confinement to quarters for up to five days, loss of privileges for not more than fifteen days, and assignment of up to twenty hours of extra duty (ECF No. 29 at PageID.347 (citing Mich. Dep't. of Corr., Policy Directive 03.03.105 Attach. D

(eff. Apr. 11, 2014)).  These Class III misconduct sanctions are not inconsequential.  *See Maben* 887 F.3d at 267 (finding that the sanction of deprivation of privileges and the possible sanction of confinement are not "inconsequential").  The Court, therefore, holds that a Class III misconduct is more than *de minimis*, and "[i]t is for the factfinder to decide whether the deprivation of those privileges 'poses a sufficient deterrent threat to be actionable.'"  *Id.* (quoting *Bell v. Johnson*, 308 F.3d 594, 603 (6th Cir. 2002).).

Furthermore, Defendant Chesny is not entitled to qualified immunity on this claim.  Although some courts (including this Court) have previously held that a Class III misconduct is *de minimis*, those cases are pre-*Maben*.  *See Lewis v. Stoddard*, 2017 WL 942156 at *12 (W.D. Mich., Mar. 10, 2017) (collecting cases).  In *Maben*, the Sixth Circuit rejected the defendants' qualified immunity argument, and the same analysis applies in this case.  887 F.3d at 269-70.  First, a genuine issue of material fact exists as to whether Defendant Chesny took an adverse action against Plaintiff by issuing a Class III misconduct.  *See id.* at 269.  Second, "a reasonable prison officer would have been aware that issuing a misconduct ticket, even a minor misconduct ticket, in retaliation for the inmate's exercise of his First Amendment rights could give rise to constitutional liability."  *Id.* at 270.  Therefore, the Court grants Plaintiff's objection with respect to the retaliation claim against Defendant Chesny.

Plaintiff's fifth and sixth objections related to his claims against Defendant Weaver. He argues that the Magistrate Judge erred in determining that the refusal to give Plaintiff a new mattress did not constitute an adverse act (ECF No. 30 at PageID.356-357).  The Magistrate Judge found that Plaintiff did "not allege that he was deprived of a mattress, but instead alleges merely that Defendant Weaver refused his request to swap his current mattress for a new mattress" (ECF No. 29 at PageID.347).  The Magistrate Judge also found that Plaintiff "presented no evidence that

3

the mattress he was provided was unsafe or otherwise compromised his health and safety" (*id.* at PageID.347-348). The Court finds no error in the Magistrate Judge's analysis. Plaintiff described the mattress as a "mattress pad" in his summary judgment response (ECF No. 27 at PageID.311). Even if "the middle padding was missing" (ECF No. 30 at PageID.357), there is no evidence that the mattress pad was unsafe or unsanitary. Therefore, Plaintiff's fifth and sixth objections are denied.

In his seventh objection, Plaintiff appears to take issue with a typographical error in Defendants' Motion for Summary Judgment (*id.*). This typographical error does not affect the Magistrate Judge's thorough analysis. Accordingly, Plaintiff's seventh objection is denied.

In his eighth and final objection, Plaintiff argues that the Magistrate Judge erred in recommending that the claim against Defendant Sharp be dismissed for lack of service. This case has been pending since July 2020. Over a year has passed since this Court ordered that Defendant Sharp be served (ECF No. 29 at PageID.351-352). As the Magistrate Judge correctly determined, Plaintiff has not acted diligently in trying to serve Defendant Sharp. The time to serve expired, and Plaintiff fails to show good cause to extend the deadline. Therefore, Plaintiff's eighth objection is denied.

Accordingly:

**IT IS HEREBY ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 29) is ADOPTED IN PART and REJECTED IN PART.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment (ECF No. 23) is GRANTED IN PART and DENIED IN PART. Plaintiff's claims against Defendants Thomas, Smiley, Johnson, and Weaver are DISMISSED.

**IT IS FURTHER ORDERED** that Plaintiff's claim against Defendant Sharp is DISMISSED WITHOUT PREJUDICE for failure to timely effect service

This case will proceed on Plaintiff's retaliation claim against Defendant Chesny based on the allegedly false Class III misconduct.

Dated:  November 28, 2022                                           /s/ Janet T. Neff
                                                                                         JANET T. NEFF
                                                                                         United States District Judge