UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

S<small>EAN</small> A<small>DAM</small> R<small>OGERS</small> #447843

        Plaintiff,                   Hon. Janet T. Neff

v.                                                Case No. 1:20-cv-652

R. S<small>HARP</small>, et al.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant's Motion for Summary Judgment. (ECF No. 36). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be granted and this action terminated.

**BACKGROUND**

Plaintiff is presently incarcerated at the Kinross Correctional Facility (KCF). The incidents giving rise to this matter occurred while Plaintiff was incarcerated at the Oaks Correctional Facility (ECF). Plaintiff initiated this action against six Michigan Department of Corrections officials: (1) Deputy Warden R. Sharp; (2) Resident Unit Manager (RUM) J. Thomas; (3) Resident Unit Manager (RUM) K. Smiley; (4) Prison Counselor K. Johnson; (5) Corrections Officer (CO) Unknown Chesny; and (6) Prison Counselor L. Weaver. In his amended complaint Plaintiff alleges the following.

-1-

On July 6, 2017, Plaintiff, who was then in administrative segregation, asked Defendants Thomas and Sharp to release him from segregation and place him at Security Level II. Defendants denied Plaintiff's request and informed Plaintiff that he was "lucky" they were even releasing him from segregation. On July 13, 2017, Plaintiff was released from segregation and assigned to Security Level IV. Defendants Thomas, Smiley, and Johnson assigned Plaintiff to Security Level IV "to pay Plaintiff back" for filing grievances.

Later that day, Defendant Chesny asked Plaintiff if he had been writing grievances against prison personnel. Plaintiff responded in the affirmative and added, "I don't want any trouble." Chesny responded, "if I want to give you trouble, I will give you trouble and much more." Plaintiff informed Chesny that he was going to file a grievance against Chesny for "helping those staff members to harass me." Defendant Chesny later falsely charged Plaintiff with a misconduct violation.

On July 24, 2017, Plaintiff asked Defendant Weaver to let him exchange his current mattress for a new mattress. Weaver denied Plaintiff's request. When Plaintiff requested a grievance form to complain about this matter, Weaver ordered Plaintiff to return to his cell and rescinded the remainder of his yard time for the day.

Plaintiff asserted five causes of action: (1) Defendants Sharp, Thomas, Smiley, and Johnson assigned Plaintiff to Security Level IV, following his release from segregation, in retaliation for filing grievances against them; (2) Defendant Chesny falsely charged him with a misconduct violation in retaliation for filing grievances

against prison staff; (3) Defendant Weaver denied his request for a new mattress in retaliation for filing grievances against staff members; (4) Defendant Weaver cancelled Plaintiff's yard time in retaliation for filing grievances against staff members; and (5) Defendant Weaver violated his Eighth Amendment rights by refusing his request for a new mattress.

At this juncture, the only claim remaining in this matter is Plaintiff's retaliation against Defendant Chesny. (ECF No. 29, 32). Defendant Chesny now moves for summary judgment. Plaintiff has failed to respond to the motion. The Court finds that oral argument is unnecessary. *See* W.D. Mich. LCivR 7.2(d).

## **SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Whether a fact is "material" depends on "whether its resolution might affect the outcome of the case." *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350,

357 (6th Cir. 2006). The existence of a mere "scintilla of evidence" in support of the non-moving party's position, however, is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006). Likewise, the non-moving party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735. Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Harden*, 993 F.3d at 474.

## ANALYSIS

I.  **Retaliation**

Plaintiff alleges that Defendant Chesny falsely charged him with a misconduct violation in retaliation for filing grievances against prison staff. To prevail on this claim, Plaintiff must satisfy three elements: (1) he was engaged in constitutionally protected conduct; (2) a defendant took adverse action against him which would deter a person of ordinary firmness from continuing to engage in protected conduct; and (3) the adverse action was motivated by Plaintiff's protected conduct. *See Holzemer v. City of Memphis*, 621 F.3d 512, 520 (6th Cir. 2010).

Defendant Chesny has presented evidence that his decision to charge Plaintiff with a misconduct violation was unrelated to Plaintiff's filing of grievances. (ECF No. 24 at PageID.254). Plaintiff, by failing to respond to the present motion, has failed to present any evidence to the contrary. Defendant has demonstrated, therefore, the absence of factual dispute regarding Plaintiff's retaliation claim. Accordingly, the undersigned recommends that Defendant's motion for summary judgment be granted.

II.  **Waiver**

Failure by a plaintiff to respond to a motion for summary judgment constitutes a forfeiture of the claims to which the motion is addressed. *See Notredan, L.L.C. v. Old Republic Exchange Facilitator Co.*, 531 Fed. Appx. 567, 569 (6th Cir., July 29, 2013) (failure to respond to an argument that a claim is subject to dismissal "amounts to a forfeiture of [such] claim"). Likewise, opposition to a motion for summary judgment is

waived, and dismissal appropriate, where the plaintiff fails to respond thereto. *See Humphrey v. United States Attorney General's Office*, 279 Fed. Appx. 328, 331 (6th Cir., May 15, 2008) ("if a plaintiff fails to respond or otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion"); *Allen v. NCL America LLC*, 741 Fed. Appx. 292, 295-96 (6th Cir., July 10, 2018) (by failing to respond to motion to dismiss, plaintiff waived opposition thereto); *Moody v. CitiMortgage, Inc.*, 32 F.Supp.3d 869, 875 (W.D. Mich. 2014) ("[a] plaintiff must oppose a defendant's motion to dismiss or otherwise respond or he waives opposition to the motion"); *Thorn v. Medtronic Sofamor Danek, USA, Inc.*, 81 F.Supp.3d 619, 631 (W.D. Mich. 2015) (same).

Because Plaintiff has failed to respond to Defendant's motion, the undersigned recommends, in the alternative, that Defendant's motion for summary judgment be granted on the ground that Plaintiff has simply waived opposition thereto.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendant's Motion for Summary Judgment (ECF No. 36) be granted and this action terminated. For the same reasons the undersigned makes this recommendation, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: July 6, 2023

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge